## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CODY BECKER, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, d/b/a MR. COOPER,<br><br>                  Defendants. | Case No.:  0:18-cv-62747-MGC |

## DECLARATION OF RAYMOND Y. KIM IN SUPPORT OF NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER'S
## <u>MOTION TO DENY CLASS CERTIFICATION</u>

I, Raymond Y. Kim, hereby declare as follows:

1. I am an attorney at the law firm of Reed Smith LLP, attorneys for Defendant Nationstar Mortgage, LLC, dba Mr. Cooper ("Mr. Cooper") in this action. I make this declaration in support of the Mr. Cooper's Motion to Deny Class Certification. I have personal knowledge of the matters set forth in this declaration. If called as a witness, I could and would competently testify to these matters.

2. Mr. Cooper previously defended a class action alleging violations of the federal Telephone Consumer Protection Act ("TCPA") entitled, *Heather Wright, et al. v. Nationstar Mortgage, LLC* (N.D. Ill., Case No. 1:14-cv-10457) (the "*Wright Action*"). Although Mr. Cooper denied the claims asserted in the *Wright Action*, the parties ultimately settled on a class-wide basis and entered into a class settlement agreement,

which was approved by the United States District Court, Northern District of Illinois, on

August 29, 2016.  As a part of the class settlement agreement, approximately 2.3 million

settlement class members (defined as "all Persons in the United States for whom

Nationstar Mortgage, LLC has in its records a cellular telephone number until [October

14, 2015]" and "who [did] not submit[] a valid request for exclusion" or a "Revocation

Request") expressly "provided prior express consent to the making of Telephone Calls,"

including prerecorded calls.  Specifically, Section 2.2(c) of the class settlement

agreement, entitled "Effect of Failure to Submit Valid and Timely Revocation Request,"

provided:

> **Effect of Failure to Submit Valid and Timely Revocation Request.** Any Settlement Class Member who does not submit a valid and timely Revocation Request to the Claims Administrator in accordance with Section 2.2(b) above will be deemed, as of the Effective Date, to have provided prior express consent to the making of Telephone Calls by Nationstar, or third parties calling on its behalf, to any phone numbers (including his or her current cellular telephone number) reflected in the records maintained by Nationstar or the records of any third party calling on Nationstar's behalf.

Attached as **Exhibit A** is a true and correct copy of the *Wright Action* Class Settlement

Agreement.

3.      In December 2018 and January 2019, I conducted an online search of

Plaintiff and discovered that he is a licensed real estate agent in Florida.  Attached as

**Exhibit B** is a true and correct copy of Plaintiff's "licensee details" obtained from the

Florida Department of Business and Professional Regulation website showing that he

obtained his real estate license in 2013.

4.      During my online search I also discovered that, in connection with his real estate business, Plaintiff regularly uses and markets his business using the cellular phone number at issue in this action ending in numbers -6305 (the "6305 Number"). For instance, on a December 2018 listing posted in the website zillow.com, Plaintiff is identified as the listing agent and the 6305 Number is listed as his "agent" contact phone number.  Attached as **Exhibit C** is a true and correct copy of the December 2018 listing on zillow.com showing the 6305 Number as Plaintiff's business contact number. On realtor.com, the 6305 Number is listed as Plaintiff's office and mobile phone contact numbers.  Attached as **Exhibit D** is a true and correct copy of Plaintiff's published contact information on realtor.com.  Other real estate and advertising websites, such as trulia.com, gayborhood.com, buzzfile.com, and florarealestatecompanies.com, the 6305 Number is listed as Plaintiff's contact phone number.  Attached as **Exhibits E through H** is a true and correct copy of various real estate websites where Plaintiff listed the 6305 as his business contact number.

5.      Since March 2018 Plaintiff has filed eight separate TCPA class actions in the United States District Court, Southern District of Florida, with his counsel, Manuel Hiraldo, claiming he received unsolicited marketing calls and text messages that invaded his privacy.  *Id.*, **Exhibit I**.

6.      On January 15, 2019, Mr. Cooper served a subpoena on AT&T Wireless, the carrier for the 6305 Number, to determine the origin of the alleged August 8, 2018 call.

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed on February 18, 2019 at Los Angeles, California.

/s/ Raymond Y Kim
Raymond Y. Kim

# EXHIBIT A

**Wright Agreement**

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, VANESSA RUGGLES and ROSE SOMERS, individually and on behalf of all others similarly situated, | Case No. 14-cv-10457 |
| | Hon. Edmond E. Chang |
| Plaintiffs, | |
| v. | |
| NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, | |
| Defendant. | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Plaintiffs Heather Wright, Carole Stewart, Jeanette Childress, Robert Jordan, Sean Halbert, Dana Skelton, Vanessa Ruggles and Rose Somers, the Settlement Class (as defined herein), and Defendant Nationstar Mortgage LLC ("Nationstar" or "Defendant") (together, the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

WHEREAS, the Parties have concluded that this Agreement is desirable in order to avoid the time, risk, and expense of protracted litigation, and to resolve finally and completely Plaintiffs' and the Settlement Class Members' pending and potential claims against Nationstar;

WHEREAS, on February 21, 2014, the putative class action captioned *Jordan v. Nationstar Mortgage LLC*, 14-cv-787, was filed in the Northern District of California, asserting claims for damages and other relief against Defendant Nationstar related to its alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA");

WHEREAS, on February 26, 2014, the putative class action captioned *Ruggles v. Nationstar Mortgage LLC*, 14-cv-2301, was filed in the Central District of California, asserting claims for damages and other relief against Defendant Nationstar related to its alleged violations of the TCPA;

WHEREAS, on August 4, 2014, the putative class action captioned *Reed v. Nationstar Mortgage LLC*, 14-cv-1701, was filed in the Northern District of Ohio, asserting claims for damages and other relief against Defendant Nationstar related to its alleged violations of the TCPA;

WHEREAS, on October 24, 2014, the putative class action captioned *Doyle v. Nationstar Mortgage LLC*, 14-cv-679, was filed in the Eastern District of Texas, asserting claims for damages and other relief against Defendant Nationstar related to its alleged violations of the TCPA;

WHEREAS, on December 30, 2014, the putative class action captioned *Wright, et al. v. Nationstar Mortgage LLC*, 14-cv-10457, was filed in the Northern District of Illinois, asserting claims for damages and other relief against Defendant Nationstar related to its alleged violations of the TCPA (the "Action," as defined below);

WHEREAS, for purposes of efficiency, judicial economy and for the benefit of the putative class, Plaintiffs in the various aforementioned actions filed against Nationstar, by and

through their respective counsel, met and conferred among themselves and determined to proceed with the claims asserted in each of the actions in a single lawsuit;

WHEREAS, accordingly, Plaintiffs to the various actions filed against Defendant Nationstar voluntarily dismissed the other pending actions and on February 3, 2015, a First Amended Complaint was filed in the Action, naming each of the plaintiffs as parties to the Action and putative class representatives;

WHEREAS, following the filing of the First Amended Complaint, the Parties to the Action determined to proceed with an initial private mediation before the Honorable Edward A. Infante of JAMS (San Francisco) to explore the possibility of resolving the Action;

WHEREAS, on March 4, 2015, the Parties participated in a private mediation before Judge Infante in San Francisco, California, but were unable to resolve the Action on that day;

WHEREAS, with Judge Infante's continued assistance, the Parties agreed to exchange certain discovery regarding their respective claims and defenses and thereafter, proceed with a second mediation session on June 16, 2015;

WHEREAS, over the course of the next several months, the Parties to the Action engaged in ongoing arms'-length discussions and exchanges of information aimed at exploring the potential resolution of the Action;

WHEREAS, on June 16, 2015, the Parties participated in a second, all-day mediation session before Judge Infante, during which they reached an agreement in principle as to the classwide settlement of the case, and reduced that agreement to writing in the form a binding memorandum of understanding;

WHEREAS, thereafter, the Parties engaged in certain additional discovery to confirm the appropriateness of their settlement in principle, including Nationstar's production of data and

information related to (i) the total number of unique cell phone numbers contained within Nationstar's records, (ii) Nationstar's practices and procedures for obtaining and maintaining records of Persons who consent to be called on their cellular telephones, and (iii) Nationstar's practices and procedures related to recording and maintaining Persons' requests not to receive calls on their cellular telephones;

WHEREAS, Plaintiffs believe that the alleged violations of the TCPA asserted in the Action have merit, and that they would have ultimately succeeded in obtaining adversarial certification of the proposed Settlement Class under Federal Rule of Civil Procedure 23, and in prevailing on the merits at summary judgment or at trial. Nonetheless, Plaintiffs and Class Counsel recognize that Nationstar has raised factual and legal defenses in the Action that present serious risks to the continued viability of the case through trial. Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulty and delay inherent in such litigation. Therefore, Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms and conditions set forth in this Agreement;

WHEREAS, based on their comprehensive examination and evaluation of the law and facts relating to the matters at issue in the Action, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to resolve the alleged claims of the Settlement Class, and that it is in the best interests of the Settlement Class members to settle the claims raised in the Action pursuant to the terms and conditions set forth in this Agreement;

WHEREAS, at all times, Nationstar has denied, and continues to deny, any wrongdoing whatsoever. In addition, Nationstar maintains that it has meritorious defenses to class certification and to the claims alleged in the Action and is prepared to vigorously defend this suit. Nevertheless, taking into account the uncertainty and risks inherent in any litigation, Nationstar has concluded that further defense of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Agreement;

WHEREAS, the Parties agree that all Persons shall have an individual right to exclude themselves from the Settlement Class, such that participation in the Monetary and Prospective Relief provided by this Agreement (as defined below) shall be voluntary.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and Nationstar, by and through their respective counsel, that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Parties from the Settlement Agreement set forth herein, the Action and the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

**1. DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1.    **"Action"** means the case captioned *Wright, et al. v. Nationstar Mortgage LLC*, Case No. 14-cv-10457, pending in the United States District Court for the Northern District of

Illinois.

      1.2.    **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that is (a) submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement, (b) fully and truthfully completed and executed, with all of the information requested in the Claim Form, and (c) signed by the Settlement Class Member, physically or electronically, affirming that the Settlement Class Member received one or more Telephone Calls on his or her cell phone without his or her prior express consent.

      1.3.    **"Claim Form"** means the document substantially in the form attached hereto as **Exhibit A**, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment pursuant to this Agreement, shall be available in paper and electronic format. The Claim Form will require each Settlement Class Member to include the Settlement Class Member's (1) name, (2) current address, (3) cellular telephone number that received the Telephone Calls, and (4) affirmation that the Settlement Class Member received such Telephone Call(s) without his or her prior express consent, and was a subscriber or primary user of the cell phone number(s) at issue.

      1.4.    **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or submitted on the settlement website established pursuant to Paragraph 4.2(d) to be considered timely and shall be set as a date no later than fourteen (14) days before the Final Fairness Hearing. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order and in the Final Judgment as well as in the Notice and the Claim Form.

      1.5.    **"Class Counsel"** means Rafey S. Balabanian of Edelson PC and Paul O. Paradis of Paradis Law Group PLLC.

      1.6.    **"Class Representatives"** mean the named plaintiffs in the Action, Heather

Wright, Carole Stewart, Jeanette Childress, Robert Jordan, Sean Halbert, Dana Skelton, Vanessa Ruggles and Rose Somers.

      1.7.    **"Court"** means the United States District Court for the Northern District of Illinois, the Honorable Edmond E. Chang presiding, or any judge who shall succeed him as judge in this Action.

      1.8.    **"Defendant"** means Nationstar Mortgage, LLC, a Delaware limited liability company.

      1.9.    **"Defendant's Counsel"** means Abraham J. Colman of Reed Smith LLP.

      1.10.    **"Effective Date"** means the first business day after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

      1.11.    **"Escrow Account"** means a separate interest-bearing escrow account to be established by the Settlement Administrator, from which all payments out of the Settlement Fund, including for Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representatives, and any Fee Award to Class Counsel, will be made. The Escrow Account shall be established under terms acceptable to Plaintiffs and Nationstar at a depository institution insured by the Federal Deposit Insurance Corporation and that has total assets of at least five-hundred million dollars ($500,000,000) and a short-term deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poor's). The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing the Escrow Account shall be deducted from the Settlement Fund. Any interest earned on the Escrow Account shall be considered part of the Settlement Fund.

1.12.   **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel from the Settlement Fund.

1.13.   **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving this Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award and/or incentive award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.14.   **"Final Fairness Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, and the Court will determine the Fee Award and the incentive award to the Class Representatives.

1.15.   **"Final Judgment"** means the Final Judgment and order(s) to be entered by the Court approving the Settlement Agreement and determining the Fee Award and the incentive award to the Class Representatives.

1.16.   **"Nationstar"** means Defendant Nationstar Mortgage, LLC, a Delaware limited liability company.

1.17.   **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Fairness Hearing, which is to be sent to the Settlement Class substantially in the

manner set forth in this Agreement, fulfills the requirements of Due Process and Federal Rule of Civil Procedure 23, and is substantially in the form of **Exhibits B** and **C** attached hereto.

1.18. **"Notice Date"** means the date by which the Notice is sent to the Settlement Class, which shall be a date no later than thirty (30) days after entry of Preliminary Approval.

1.19. **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date no later than forty-five (45) days after the Notice Date, or such other date as ordered by the Court.

1.20. **"Parties"** means the Class Representatives and the Settlement Class, on the one hand, and Nationstar, on the other.

1.21. **"Person"** shall mean, without limitation, any individual and his or her spouse, heirs, successors, representatives, and assigns.

1.22. **"Plaintiffs"** means Heather Wright, Carole Stewart, Jeanette Childress, Robert Jordan, Sean Halbert, Dana Skelton, Vanessa Ruggles and Rose Somers and the Settlement Class Members, for purposes of this settlement only.

1.23. **"Preliminary Approval Order"** means the proposed order preliminarily approving the Agreement, certifying the Settlement Class for settlement purposes, and directing Notice to the Settlement Class, to be submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

1.24. **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations

9

(including "Unknown Claims" as defined below), whether in law or in equity, accrued or

unaccrued, direct, individual or representative, of every nature and description whatsoever,

whether based on the TCPA or other federal, state, local, statutory or common law or any other

law, rule or regulation, including the law of any jurisdiction outside the United States, against the

Released Parties, or any of them, arising out of the facts, transactions, events, matters,

occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding

the alleged making of Telephone Calls including, but not limited to, any statutory, common law,

arbitration or administrative claim arising from the use of automatic telephone dialing systems or

an artificial or prerecorded voice, including any claim under or for violation of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, any Federal Communications Commission

regulations or orders implementing or interpreting the TCPA, federal or state unfair and

deceptive practices statutes, federal or state unlawful debt collection practices statutes (including,

but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*), invasion of

privacy, conversion, breach of contract, unjust enrichment, specific performance and/or

promissory estoppel, and all claims that were brought or could have been brought in the Action

relating to such calls, belonging to any and all Releasing Parties.

    1.25. **"Released Parties"** means Defendant Nationstar Mortgage LLC, as well as any

and all of its respective present or past heirs, executors, estates, administrators, predecessors,

successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions,

holding companies, employers, employees, consultants, independent contractors, insurers,

directors, managing directors, officers, partners, principals, managers, members, attorneys,

accountants, financial and other advisors, investment bankers, underwriters, shareholders,

lenders, auditors, investment advisors, legal representatives, successors in interest, companies,

firms, trusts, and corporations.

1.26. **"Releasing Parties"** means Plaintiffs and their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, managers, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities.

1.27. **"Revocation Request"** means a valid and timely request, pursuant to Section 2.2, by a Settlement Class Member not to receive calls through use of an automatic telephone dialing system and/or an artificial or prerecorded voice on a specific cellular telephone number. As set forth in Section 2.2 of this Agreement, Revocation Requests may be made by telephone call to the Settlement Administrator, or by submitting one of the forms attached hereto as **Exhibits D** and **E** electronically on the Settlement Website or via hardcopy mailing to the Settlement Administrator.

1.28. **"Settlement Administration Expenses"** means the expenses reasonably incurred by or on behalf of the Settlement Administrator in administering the Settlement, including expenses relating to identifying the members of the Settlement Class, providing Notice, processing Claim Forms, and mailing checks for Approved Claims, as well as any expenses reasonably incurred in the sending of notice to the relevant governmental agencies pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), with all such expenses to be paid from the Settlement Fund.

1.29. **"Settlement Administrator"** means Epiq Systems, Inc., mutually selected by the Parties and approved by the Court, that shall provide Notice to the Settlement Class, and process

and pay Approved Claims submitted by Settlement Class Members as set forth in this

Agreement.

    1.30.  **"Settlement Class"** means all Persons in the United States for whom Nationstar

Mortgage, LLC has in its records a cellular telephone number until the date that the Court enters

an order preliminarily approving the Settlement Agreement.

    1.31.  **"Settlement Class Member"** means a Person who falls within the definition of

the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

    1.32.  **"Settlement Fund"** means the non-reversionary cash fund that shall be

established by Nationstar in the total amount of twelve-million, one-hundred-thousand dollars

($12,100,000.00) to be deposited into the Escrow Account, plus all interest earned thereon. From

the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by

Settlement Class Members, Settlement Administration Expenses, any incentive award to the

Class Representatives, and any Fee Award to Class Counsel. The Settlement Fund shall be kept

in the Escrow Account with permissions granted to the Settlement Administrator to access said

funds until such time as the above-listed payments are made. The Settlement Fund includes all

interest that shall accrue on the sums deposited in the Escrow Account. The Settlement

Administrator shall be responsible for all tax filings with respect to any earnings on the

Settlement Fund and the payment of all taxes that may be due on such earnings.  The Settlement

Fund represents the total extent of Nationstar's monetary obligations under this Agreement. In no

event shall Nationstar's total monetary obligation with respect to this Agreement exceed or be

less than twelve-million, one-hundred-thousand dollars ($12,100,000.00) plus the interest earned

on such sum after it is deposited into the Escrow Account.

    1.33.  **"Telephone Calls"** mean any telephone call, short message service ("SMS")

transmission, or text message to a cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice placed by Nationstar and/or any third parties acting on its behalf for any purpose.

1.34.   **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this paragraph.

## 2.   SETTLEMENT RELIEF.

### 2.1.   **Payments to Settlement Class Members.**

(a)   Nationstar shall establish the Settlement Fund within five (5) days after

the Effective Date.

(b)     Settlement Class Members shall have until the Claims Deadline to submit Claim Forms. Each Settlement Class Member who submits an Approved Claim shall be entitled to a payment of a *pro rata* share of the amount remaining in the Settlement Fund after payment of all Settlement Administration Expenses, any incentive award to the Class Representatives, and any Fee Award to Class Counsel. The payment for each Approved Claim will be increased or decreased depending on the total number of Approved Claims.

(c)     Within ninety (90) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check and send said checks via first-class U.S. mail to the Settlement Class Members who submitted all such Approved Claims.

(d)     All cash payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance.

(e)     Any uncashed checks issued to Settlement Class Members in accordance with this Agreement, as well as any unclaimed funds remaining in the Settlement Fund after payment of all Approved Claims, all Settlement Administration Expenses, the Fee Award to Class Counsel, and the incentive award to the Class Representatives shall be distributed to Settlement Class Members with Approved Claims if practicable, or in a manner as otherwise directed by the Court upon application made by Class Counsel.

2.2.     **Prospective Relief:** Nationstar agrees to implement procedures to ensure that (i) Settlement Class members will not receive Telephone Calls if they affirmatively submit a

Revocation Request in accordance with this Agreement, and (ii) after the Effective Date,

Nationstar will effectuate any requests not to receive Telephone Calls in a reasonable and

effective manner.

(a)     **Revocation Requests**. Nationstar shall not use, or knowingly authorize

anyone acting on its behalf to use, an automatic telephone dialing system and/or an

artificial or prerecorded voice to call the cellular telephones of Settlement Class Members

who make a valid and timely Revocation Request in accordance with Section 2.2(b)

below.  Nationstar agrees to implement reasonable policies and procedures to enforce this

obligation no later than thirty (30) days after the Effective Date.

(b)     **Opportunity To Make A Revocation Request**. In order to provide

Settlement Class Members the opportunity to make a Revocation Request, the Notice will

include instructions setting forth clearly and in plain English how to make a Revocation

Request.  Two forms of Revocation Requests will be made available on the Settlement

Website, one for current and former Nationstar customers and the other for non-

customers, substantially in the form attached hereto as **Exhibits D** and **E**, respectively.  A

Revocation Request may be submitted to the Claims Administrator by any of the

following three methods:  (i) via mail to a designated post office box; (ii) online via the

Settlement Website; or (iii) by calling the Settlement Administrator.  To be valid, a

Revocation Request must be completed fully and accurately and submitted timely to the

Claims Administrator to the designated post office box, via the Settlement Website or

orally by telephone.  In order to be deemed timely, a Revocation Request must be

submitted via telephone or the Settlement Website by the Claims Deadline or postmarked

by the Claims Deadline.  Any Revocation Request submitted via telephone, the

Settlement Website or postmarked after the Claims Deadline shall not be valid, even if such Revocation Request otherwise would be valid.

If a Settlement Class Member timely submits a written Revocation Request, but fails to fully and accurately complete it, the Revocation Request will be invalid. Notwithstanding, the Claims Administrator will send the Settlement Class Member notice of the defect in the Revocation Request and the Settlement Class Member shall be permitted to re-submit a new Revocation Request. To be valid, the new Revocation Request must be completed fully and accurately and must be submitted via the Settlement Website, telephone call to the Settlement Administrator, or postmarked within twenty-one (21) days of the date on the defect notice.

Nothing herein is meant to affect whatever rights, after the Claims Deadline, any Settlement Class Member may have to revoke his or her prior express consent to be called on his or her cellular phone by an automatic telephone dialing system and/or an artificial or prerecorded voice.

    **(c)**     **Effect of Failure to Submit Valid and Timely Revocation Request.**
Any Settlement Class Member who does not submit a valid and timely Revocation Request to the Claims Administrator in accordance with Section 2.2(b) above will be deemed, as of the Effective Date, to have provided prior express consent to the making of Telephone Calls by Nationstar, or third parties calling on its behalf, to any phone numbers (including his or her current cellular telephone number) reflected in the records maintained by Nationstar or the records of any third party calling on Nationstar's behalf.

    **(d)**     **Changes to Existing Policies and Procedures.** Within thirty (30) days after the Effective Date, Nationstar will revise its existing policies and procedures, as

necessary, to require that (i) if any Person revokes his or her consent to receive Telephone Calls by any reasonable means, such revocation requests shall be processed within a reasonable period of time, (ii) all such revocation requests shall be coded into Nationstar's internal records within a reasonable period of time of the date of the request, and (iii) appropriate Nationstar employees and agents shall be subject to training regarding these policies. These obligations shall continue for a minimum of four (4) years following the Effective Date or until a material change in the applicable law, whichever is sooner.

**3.     RELEASE**

3.1     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against each and every one of the Released Parties.

**4.     NOTICE TO THE CLASS.**

4.1.     Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice describing the Final Fairness Hearing, the terms of the compromise embodied in this Settlement Agreement, and the Claim Form to be disseminated to the Settlement Class as provided herein. Such notice shall comport with due process and Rule 23, the costs of which shall be Settlement Administration Expenses.

4.2.     The Notice shall include:

(a)     *Class List*.  No later than fifteen (15) business days after the Preliminary

Approval Order is entered, Nationstar shall provide to the Settlement Administrator the list of all cellular telephone numbers that it has within its records until the date of entry of Preliminary Approval, along with the names and U.S. mailing addresses of Persons associated with those cellular telephone numbers (to the extent its records contain such information). The Settlement Administrator shall use this information to prepare a list of the members of the Settlement Class Members (the "Class List").

(b)     *Direct Mail Notice.*  No later than forty-five (45) days after the entry of the Preliminary Approval Order, the Settlement Administrator shall send the Notice and accompanying Claim Form (with return postage pre-paid via postcard), substantially in the form attached as **Exhibit B**, via First Class Mail through a postcard to the last known physical address of the Settlement Class Members.

(c)     *Internet Notice.*  Within forty-five (45) days after the entry of Preliminary Approval, the Settlement Administrator will develop, host, administer and maintain a dedicated settlement website ("Settlement Website"), which shall include the ability to electronically submit Claim Forms online. The Notice on the Settlement Website shall be substantially in the form of **Exhibit C** attached hereto.

(d)     *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, Nationstar shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.  The costs of such CAFA Notice shall be deducted from the Settlement Fund before it is deposited into the Escrow Account.

4.3.     The Notice shall advise the Settlement Class of their rights under the Settlement,

including the right to be excluded from, comment upon, and/or object to the Settlement

Agreement or its terms. The Notice shall specify that any objection to this Settlement

Agreement, and any papers submitted in support of said objection, shall be received by the Court

at the Final Fairness Hearing, only if the Person making an objection shall, on or before the

Objection/Exclusion Deadline approved by the Court and specified in the Notice, file notice of

his or her intention to do so and at the same time (a) file copies of such papers he or she proposes

to submit at the Final Fairness Hearing with the Clerk of the Court, (b) file copies of such papers

through the Court's CM/ECF system if the objection is from a Settlement Class Member

represented by counsel, and (c) send copies of such papers via mail, hand, or overnight delivery

service to both Class Counsel and Nationstar's Counsel.

4.4.    Any member of the Settlement Class who intends to object to this Settlement

Agreement must include his or her name and address, include all arguments, citations, and

evidence supporting the objection (including copies of any documents relied on), state that he or

she is a Settlement Class Member, provide the cellular phone number on which he or she

allegedly received a Telephone Call, and provide a statement whether the objector intends to

appear at the Final Fairness Hearing, with or without counsel, accompanied by the signature of

the objecting Settlement Class Member.  Any Settlement Class Member who fails to timely file a

written objection with the Court and notice of his or her intent to appear at the Final Fairness

Hearing in accordance with the terms of this Paragraph and as detailed in the Notice, and at the

same time provide copies to designated counsel for the Parties, shall not be permitted to object to

this Settlement Agreement at the Final Fairness Hearing, and shall be foreclosed from seeking

any review of this Settlement Agreement by appeal or other means and shall be deemed to have

waived his or her objections and be forever barred from making any such objections in the

Action or any other action or proceeding.

4.5.    A member of the Settlement Class may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator postmarked on or before the Objection/Exclusion deadline, which must be personally signed by the Settlement Class Member seeking to be excluded from the Settlement Class, and include his or her name and address, the cellular telephone number on which he or she allegedly received a Telephone Call, the caption for the Action (i.e., *Wright, et al. v. Nationstar Mortgage LLC.*, No. 14-cv-10457 (N.D. Ill.)), and a statement that he or she wishes to be excluded from the Settlement Class. A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Persons serving such a request shall be deemed to remain members of the Settlement Class and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (1) be bound by any orders or the Final Judgment; (2) be entitled to relief under this Settlement Agreement; (3) gain any rights by virtue of this Settlement Agreement; nor (4) be entitled to object to any aspect of this Settlement Agreement. "Mass" or "class" requests for exclusion shall not be allowed.

4.6.    If more than 500 Persons submit valid exclusion notices, then Nationstar shall have the option to void this Settlement, in accordance with Paragraph 6.1 below.  This option must be exercised no later than seven (7) days after the Objection/Exclusion deadline.

## 5.    SETTLEMENT ADMINISTRATION.

5.1.    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational,

responsive, cost effective and timely manner. The Settlement Administrator shall maintain

reasonably detailed records of its activities under this Settlement Agreement. The Settlement

Administrator shall maintain all such records as are required by applicable law in accordance

with its normal business practices and such records will be made available to Class Counsel and

Nationstar's Counsel upon request. The Settlement Administrator shall also provide reports and

other information to the Court as the Court may require. The Settlement Administrator shall

provide Class Counsel and Nationstar's Counsel with information concerning Notice,

administration and implementation of the Settlement Agreement. Should the Court request, the

Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the

Court summarizing the work performed by the Settlement Administrator, including a report of all

amounts paid to Settlement Class Members on account of Approved Claims. Without limiting

the foregoing, the Settlement Administrator shall:

     (a)    Forward to Class Counsel and Nationstar's Counsel, all documents and

other materials received in connection with the administration of the Settlement

Agreement within thirty (30) days after the date on which all Claim Forms have been

finally approved or disallowed per the terms of the Settlement Agreement;

     (b)    Receive exclusion forms and other requests from the Settlement Class and

promptly provide a copy of such requests to Class Counsel and Nationstar's Counsel

upon receipt ("the Opt-Out List"). If the Settlement Administrator receives any exclusion

forms or other requests from the Settlement Class after the Objection/Exclusion Deadline,

the Settlement Administrator shall promptly provide copies thereof to Class Counsel and

Nationstar's Counsel;

     (c)    Receive Revocation Requests and promptly provide copies of such

Revocation Requests and an updated list of the Revocation Requests to Class Counsel and Nationstar's Counsel upon receipt;

(d)     Provide weekly reports to Class Counsel and Nationstar's Counsel, including without limitation, reports regarding the number of Claim Forms and Revocation Requests received, the current number of Approved Claims, the estimated payment per Settlement Class Member with an Approved Claim, and the number of opt-outs and objections received;

(e)     Make available for inspection by Class Counsel or Nationstar's Counsel the Claim Forms, any documentation submitted in support thereof, and any correspondence received by the Settlement Administrator at any time upon reasonable notice; and

(f)     Serve the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) days of the filing of the Preliminary Approval Motion.

5.2.     The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud, including without limitation, by cross-referencing the information provided on the Claim Form against the Class List.  The Settlement Administrator shall reject a Claim Form, or any part of a claim for a payment reflected therein, where there is evidence of abuse or fraud.  The Settlement Administrator shall also reject a Claim Form that does not contain all requested information necessary to screen the claim for fraud or abuse, after giving the claimant a reasonable opportunity of no greater than twenty-one (21) days to provide any requested missing information.

5.3.     Both Nationstar's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members. The

Settlement Administrator shall follow any agreed-to decisions of Nationstar's Counsel and Class

Counsel. To the extent Nationstar's Counsel and Class Counsel are not able to agree on the

disposition of a challenge, the Honorable Edward A. Infante (ret.), or if Judge Infante is

unavailable, a mutually agreed-upon neutral from JAMS, shall timely decide such challenge.

5.4.    In the exercise of their duties outlined in this Agreement, both the Settlement

Administrator and Judge Infante shall have the right to reasonably request additional information

from the Parties or any Settlement Class Member.

5.5.    The Final Fairness Hearing shall be set for a date no less than ninety (90) days

after the Notice described in Paragraph 4.2(e) is disseminated.

5.6.    The Settlement Administrator and Class Counsel shall keep the Class List and all

personal information obtained therefrom, including the identity, telephone numbers and U.S.

mailing addresses of the Settlement Class, strictly confidential in accordance with applicable law

and confidentiality agreements that they shall execute or have already executed.

5.7.    Notwithstanding, the Parties agree that the Class List may be used for the purpose

of effectuating the terms of this Agreement and the duties or obligations arising hereunder, but

not for any other purpose.  The Class List and other information provided to the Settlement

Administrator and Class Counsel shall not include financing or other personal financial

information, such as the amounts owed on any loan, for any member of the Settlement Class.

**6.      TERMINATION OF SETTLEMENT.**

6.1.    **Termination By Any Party.**  Subject to Paragraph 9 below, the Class

Representatives, on behalf of the Settlement Class, or Nationstar, shall have the right to

terminate this Settlement Agreement by providing written notice of the election to do so to all

other Parties hereto within ten (10) days of any of the following events: (i) the Court's refusal to

grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  In addition, as set forth in Section 4.6 above, Nationstar shall have the option to void this Settlement if more than 500 Persons submit valid exclusion notices.

7.      **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

7.1.      Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for entry of an Order of Preliminary Approval of the settlement set forth in this Agreement, which shall include, among other provisions, a request that the Court:

(a)      appoint Heather Wright, Carole Stewart, Jeanette Childress, Robert Jordan, Sean Halbert, Dana Skelton, Vanessa Ruggles and Rose Somers as representatives of the Settlement Class;

(b)      appoint Class Counsel to represent the Settlement Class;

(c)      certify the Settlement Class under Fed. R. Civ. P. 23 for settlement purposes only and without prejudice to Nationstar's right to contest class certification if this Agreement is not approved;

(d)      preliminarily approve this Agreement for purposes of disseminating notice to the Settlement Class;

(e)     approve the form and contents of the Settlement Class Notice and Claim Form for dissemination to the Settlement Class, as well as the method of its dissemination to members of the Settlement Class;

(f)     schedule a Final Fairness Hearing to review comments and/or objections regarding this Agreement, to consider its fairness, reasonableness and adequacy, and the application for an award of attorneys' fees and reimbursement of expenses and to consider whether the Court shall issue a Judgment approving this Agreement, granting Class Counsel's application for the Fee Award and an incentive award to the Class Representatives, and dismissing the Action with prejudice.

7.2.    After Notice to the Settlement Class is given, Class Counsel shall move the Court for entry of a Final Judgment, which shall include, among other provisions, a request that the Court:

(a)     find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

(b)     approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and conditions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings relating to the Released Claims maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties;

(c)     find that the Notice implemented pursuant to the Settlement Agreement

25

(1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Fairness Hearing, (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

(d)    find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

(e)    dismiss the Action on the merits and with prejudice, without fees or costs to any party except as provided in this Settlement Agreement;

(f)    incorporate the Release set forth above, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties as set forth herein;

(g)    permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)    declare that all Settlement Class Members who have not submitted timely and valid Revocation Requests in accordance with the procedures set forth in Section 2.2(b) above and who have not properly excluded themselves from the Settlement Class,

shall be deemed to have provided prior express consent for Nationstar to call them using

an automatic telephone dialing system and/or an artificial or prerecorded voice on their

cellular telephone number(s) maintained in Nationstar's records as of the Effective Date;

(i)     authorize the Parties, without further approval from the Court, to agree to

and adopt such amendments, modifications and expansions of the Settlement Agreement

and its implementing documents (including all Exhibits to this Agreement) that (1) shall

be consistent in all material respects with the Final Judgment, and (2) do not limit the

rights of Settlement Class Members;

(j)     without affecting the finality of the Final Judgment for purposes of appeal,

retain jurisdiction as to all matters relating to administration, consummation, enforcement

and interpretation of the Settlement Agreement and the Final Judgment, and for any other

necessary purpose; and

(k)     incorporate any other provisions, consistent with the material terms of this

Agreement, as the Court deems necessary and just.

## 8.   CLASS COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARD.

8.1.     Nationstar agrees to pay to Class Counsel reasonable attorneys' fees and

unreimbursed expenses in an amount to be determined by the Court.  Class Counsel will petition

the Court for an award of reasonable attorneys' fees and unreimbursed expenses incurred in the

Action as the Fee Award. The amount of the Fee Award will be determined by the Court based

on the petition of Class Counsel. Class Counsel has agreed, with no consideration from

Nationstar, to limit their request to no more than $4,125,000.00. Payment of the Fee Award shall

be made from the Settlement Fund and should the Court award less than the amount sought by

Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant

to this Paragraph shall remain in the Settlement Fund to be distributed to Settlement Class Members with Approved Claims.

8.2.    Class Counsel shall be paid the Fee Award, in an amount determined by the Court, from the Settlement Fund within seven business (7) days after the Effective Date. Payment of the Fee Award shall be made via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

8.3.    In addition to any payment to which they may be entitled under this Agreement on account of an Approved Claim, and in recognition of the time and effort they expended on behalf of the Settlement Class, subject to the Court's approval, the Class Representatives shall be paid from the Settlement Fund an incentive award in the total amount of five thousand dollars ($5,000) each. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund to be distributed to Settlement Class Members with Approved Claims.

8.4.    The Class Representatives shall be paid the incentive award, as determined by the Court, from the Settlement Fund within seven business (7) days after the Effective Date. Payment of the incentive award to the Class Representatives shall be made via check to each Class Representative, such check to be sent care of Class Counsel.

## 9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

9.1.    The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

(a)    This Agreement has been signed by the Parties, Class Counsel and Nationstar's Counsel;

(b)     The Court has entered an order granting Preliminary Approval of the Agreement;

(c)     The Court has entered an order finally approving the Settlement Agreement, following notice to the Settlement Class and a Final Fairness Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement; and

(d)     The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") to which the Parties have consented, that Alternative Judgment has become Final.

9.2.     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be cancelled and terminated subject to Paragraph 9.3, unless Class Counsel and Nationstar's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the incentive award to the Class Representatives, regardless of the amounts awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

9.3.     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 9.1, or 9.2 above, the Parties shall be restored to their respective

positions in the Action as of the date of the signing of this Agreement. In such event, any Final

Judgment or other order entered by the Court in accordance with the terms of this Agreement

shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante*

with respect to the Action as if this Agreement had never been entered into and, pursuant to

Paragraph 10.4 below, this Agreement shall not be used for any purpose whatsoever against any

of the Parties.

## 10.    MISCELLANEOUS PROVISIONS.

10.1    The Parties: (1) acknowledge that it is their intent to consummate this Settlement

Agreement; and (2) agree, subject to their fiduciary and other legal obligations, to cooperate to

the extent reasonably necessary to effectuate and implement all terms and conditions of this

Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and

conditions of this Agreement. Class Counsel and Nationstar's Counsel agree to cooperate with

one another in seeking entry of an order granting Preliminary Approval of this Agreement and

the Final Judgment, and promptly to agree upon and execute all such other documentation as

may be reasonably required to obtain final approval of the Agreement.

10.2    The Parties intend this Settlement Agreement to be a final and complete

resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the

Settlement Class, and each or any of them, on the one hand, against the Released Parties, and

each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to

assert in any forum that the Action was brought by Plaintiffs or defended by Nationstar, or each

or any of them, in bad faith or without a reasonable basis.

10.3    The Parties have relied upon the advice and representation of counsel, selected by

them, concerning the claims hereby released. The Parties have read and understand fully this

Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.4    Whether the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)    is, may be deemed, or shall be used, offered or received against Nationstar as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)    is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Nationstar, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to

31

any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Moreover, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

(e)　　is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f)　　is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5　　The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.6    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.7    The breach of one or more provisions of this Agreement by one party shall not be sufficient to void any other terms of this Agreement, which shall remain in force.  However, the non-breaching party shall retain all of his, her or its rights under applicable law to obtain a remedy for such breach.

10.8    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.9    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10   Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.11   Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other Person or party and that they are fully entitled to release the same.

10.12   Plaintiffs and Class Counsel shall fully bear all the tax consequences of any and all benefits received from Nationstar in connection with this Agreement.  Plaintiffs acknowledge

that Nationstar and its attorneys provided no tax advice related to this Agreement and that Nationstar may be required to file certain Form 1099 or other information reports with the United States Internal Revenue Service.  Plaintiffs have been advised to consult with tax counsel of Plaintiffs' own choice to seek legal and tax advice regarding the taxability or non-taxability of consideration provided herein.

10.13   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

10.14   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.15   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

10.16   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

10.17   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have

contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

10.16  Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

| If to Plaintiffs' Counsel: | If to Nationstar's Counsel: |
|---|---|
| Rafey S. Balabanian | Abraham J. Colman |
| Edelson PC | Raymond Y. Kim |
| 350 North LaSalle Street, Suite 1300 | Reed Smith LLP |
| Chicago, Illinois 60654 | 355 South Grand Ave. |
| | Suite 2900 |
| Paul O. Paradis | Los Angeles, CA 90071 |
| Paradis Law Group, PLLC | |
| 570 Seventh Avenue, 20th Floor | |
| New York, New York 10018 | |

[SIGNATURES APPEAR ON FOLLOWING PAGE.]

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to
be executed, by their duly authorized attorneys.

**HEATHER WRIGHT**, individually and on behalf
of the Settlement Class,

Dated: *10/5/15*              By: _____

**CAROLE STEWART**, individually and on behalf
of the Settlement Class,

Dated: _____       By: _____

**JEANETTE CHILDRESS**, individually and on
behalf of the Settlement Class,

Dated: _____       By: _____

**ROBERT JORDAN**, individually and on behalf of
the Settlement Class,

Dated: _____       By: _____

**SEAN HALBERT**, individually and on behalf of
the Settlement Class,

Dated: _____       By: _____

**DANA SKELTON**, individually and on behalf of
the Settlement Class,

Dated: _____       By: _____

**VANESSA RUGGLES**, individually and on behalf
of the Settlement Class,

Dated: _____       By: _____

**ROSE SOMERS**, individually and on behalf of the
Settlement Class,

Dated: _____       By: _____

36

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**HEATHER WRIGHT**, individually and on behalf of the Settlement Class,

Dated: _____            By: _____

**CAROLE STEWART**, individually and on behalf of the Settlement Class,

Dated: _10-5-15_            By: _____

**JEANETTE CHILDRESS**, individually and on behalf of the Settlement Class,

Dated: _____            By: _____

**ROBERT JORDAN**, individually and on behalf of the Settlement Class,

Dated: _____            By: _____

**SEAN HALBERT**, individually and on behalf of the Settlement Class,

Dated: _____            By: _____

**DANA SKELTON**, individually and on behalf of the Settlement Class,

Dated: _____            By: _____

**VANESSA RUGGLES**, individually and on behalf of the Settlement Class,

Dated: _____            By: _____

**ROSE SOMERS**, individually and on behalf of the Settlement Class,

Dated: _____            By: _____

36

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**HEATHER WRIGHT**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**CAROLE STEWART**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**JEANETTE CHILDRESS**, individually and on behalf of the Settlement Class,

Dated: *10-6-15*     By: *Jeanette Childress*

**ROBERT JORDAN**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**SEAN HALBERT**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**DANA SKELTON**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**VANESSA RUGGLES**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**ROSE SOMERS**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

36

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**HEATHER WRIGHT**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**CAROLE STEWART**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**JEANETTE CHILDRESS**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**ROBERT JORDAN**, individually and on behalf of the Settlement Class,

Dated 10/02/2015     By: _____

**SEAN HALBERT**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**DANA SKELTON**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**VANESSA RUGGLES**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**ROSE SOMERS**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**HEATHER WRIGHT**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**CAROLE STEWART**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**JEANETTE CHILDRESS**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**ROBERT JORDAN**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**SEAN HALBERT**, individually and on behalf of the Settlement Class,

Dated: 10/02/2015          By: _____

**DANA SKELTON**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**VANESSA RUGGLES**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**ROSE SOMERS**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**HEATHER WRIGHT**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**CAROLE STEWART**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**JEANETTE CHILDRESS**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**ROBERT JORDAN**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**SEAN HALBERT**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**DANA SKELTON**, individually and on behalf of the Settlement Class,

Dated: 10/02/2015          By: _____

**VANESSA RUGGLES**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**ROSE SOMERS**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

36

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**HEATHER WRIGHT**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**CAROLE STEWART**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**JEANETTE CHILDRESS**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**ROBERT JORDAN**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**SEAN HALBERT**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**DANA SKELTON**, individually and on behalf of the Settlement Class,

Dated: _10/2/15_          By: _____

**VANESSA RUGGLES**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**ROSE SOMERS**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

36

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**HEATHER WRIGHT**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**CAROLE STEWART**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**JEANETTE CHILDRESS**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**ROBERT JORDAN**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**SEAN HALBERT**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**DANA SKELTON**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**VANESSA RUGGLES**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

**ROSE SOMERS**, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

36

**EDELSON PC**
Attorneys for Plaintiffs

Dated: _10/2/15_

By: _____
    Rafey S. Balabanian, Esq.

**PARADIS LAW GROUP PLLC**
Attorneys for Plaintiffs

Dated: _____

By: _____
    Paul O. Paradis, Esq.

**NATIONSTAR MORTGAGE LLC**

Dated: _____

By: _____

Its: _____

**REED SMITH LLP**
Attorneys for Defendant Nationstar Mortgage LLC

Dated: _____

By: _____
    Abraham J. Colman, Esq.

37

**EDELSON PC**
Attorneys for Plaintiffs

Dated: _____     By: _____
                             Rafey S. Balabanian, Esq.

**PARADIS LAW GROUP PLLC**
Attorneys for Plaintiffs

Dated: _____     By: _____
                             Paul O. Paradis, Esq.

Dated: _____     **NATIONSTAR MORTGAGE LLC**

                         By: _____

                         Its: _____

**REED SMITH LLP**
Attorneys for Defendant Nationstar Mortgage LLC

Dated: _____     By: _____
                             Abraham J. Colman, Esq.

**EDELSON PC**
Attorneys for Plaintiffs

Dated: _____          By: _____
                                        Rafey S. Balabanian, Esq.

**PARADIS LAW GROUP PLLC**
Attorneys for Plaintiffs

Dated: _____          By: _____
                                        Paul O. Paradis, Esq.

Dated: 10/2/15                **NATIONSTAR MORTGAGE LLC**

                               By: _____

                               Its: _____

**REED SMITH LLP**
Attorneys for Defendant Nationstar Mortgage LLC

Dated: _____          By: _____
                                        Abraham J. Colman, Esq.

**EDELSON PC**
Attorneys for Plaintiffs

Dated: 10/2/15

By

Rafey S. Balabanian. Esq.

**PARADIS LAW GROUP PLLC**
Attorneys for Plaintiffs

Dated: _____

By: _____

Paul O. Paradis, Esq.

Dated: _____

**NATIONSTAR MORTGAGE LLC**

By: _____

Its: _____

**REED SMITH LLP**
Attorneys for Defendant Nationstar Mortgage LLC

Dated: 10/9/15

By: _____

Abraham J. Colman, Esq.

# Exhibit A

***Wright et al. v. Nationstar Mortgage LLC***
**United States District Court, Northern District of Illinois**
**Case No. 1:14-cv-10457**

## CLAIM FORM

***Instructions.*** *Fill out each section of this form and sign where indicated.*

| First Name | Last Name |
|---|---|
| | |

| Street Address |
|---|
| |

| City | State | ZIP Code |
|---|---|---|
| | | |

| Cellular Telephone Number(s) | Nationstar Account Number(s) (if available, but not required) |
|---|---|
| | |

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
ALL OF THE INFORMATION ABOVE AND YOU MUST SIGN THIS CLAIM FORM.**

**YOUR CLAIM FORM MUST BE SUBMITTED ONLINE *OR* SENT BY MAIL TO THE ADDRESS
BELOW AND POSTMARKED BY [CLAIMS DEADLINE], 2015.**

***Heather Wright, et al. v. Nationstar Mortgage, LLC***
**[Insert class administrator address here]**

**Class Member Affirmation:** By submitting this Claim Form and checking the box below, I declare that I am a member of the Settlement Class and that the following statement is true (box must be checked to receive payment):

☐        I affirm that I am the subscriber or primary user of the cellular telephone number(s) listed above and that I received one or more non-emergency automated or artificial or prerecorded voice calls from Nationstar, or someone calling on behalf of Nationstar, at the number(s) identified above.  I state under penalty of perjury under the laws of the State in which this Affirmation is executed and the United States of America that the information provided above is true and correct.

Signature: _____          Date: _____ - _____ - _____
                                                                                          (MM-DD-YY)
Printed Name: _____

# **Exhibit B**

**[4.25 x 6 postcard notice –]**

---

L̲e̲g̲a̲l̲ ̲N̲o̲t̲i̲c̲e̲

*Wright et al. v. Nationstar Mortgage LLC.*, Case No 14-cv-10457

# If you received a call from Nationstar on your cell phone regarding a mortgage loan, a class action settlement may affect your rights.

A Federal Court authorized this notice.
You are <u>not</u> being sued.
This is <u>not</u> a solicitation from a lawyer.

*See reverse for details.*
*For complete information, visit*
*www.[website address].com*
*or call [toll free number].*

---

Nationstar Call Settlement
[admin address]

First-Class
Mail
US Postage
Paid
Permit #__

<<BARCODE>>
Postal Service: Please do not mark barcode.

<<FIRST>><<LAST>>
<<ADDR1>><<ADDR2>>
<<CITY>><<ST>><<ZIP>>
<<COUNTRY>>

---

A settlement has been reached in a class action lawsuit against **Nationstar Mortgage LLC** ("Nationstar"). The lawsuit alleges that Nationstar made automated, artificial, or prerecorded voice calls to the cellular telephones of consumers relating to a mortgage loan without their consent. Nationstar denies any wrongdoing, denies that it violated any laws, maintains that its calls regarding mortgage loans are information that its customers agreed to receive and are made with their consent. The settlement does not establish who is correct, but rather, is a compromise to end the lawsuit. The lawsuit is called *Wright et al. v. Nationstar Mortgage LLC.*, Case No. 14-cv-10457, and is in the U.S. District Court for the Northern District of Illinois.

**Why am I being contacted?** Our records show you may be a "Settlement Class Member." Settlement Class Members are all individuals in the United States for whom Nationstar had in its records a cellular telephone number, as of [preliminary approval date]. You may be entitled to payment under the settlement if you complete and return a Claim Form. You also have the option of requesting that Nationstar no longer place automated, artificial or prerecorded voice calls to your cellular telephone number(s).

**What can I get out of the settlement?** If you're eligible and the Court approves the settlement, you could receive a cash payment. Settlement Class Members who submit valid claims will receive equal shares of a $12 1 million Settlement Fund that Nationstar has agreed to create, after the payment of expenses and fees.

**How do I get my payment?** Just complete and verify the short and simple Claim Form available at www.[settlement website] com. You can also call [toll free number] to request a paper copy of the Claim Form. *All Claim Forms must be submitted online or received by [claims deadline].*

**May I opt out of future automated, artificial or prerecorded voice calls from Nationstar?** Yes, just complete the Request Form available at www.[settlement website].com or call the settlement administrator at [toll free number]. All *Request forms must be submitted online or postmarked or called in by [claims deadline]*. If you do not timely submit the Request Form or call the settlement administrator to request to opt out of future automated, artificial or prerecorded voice calls from Nationstar, then Nationstar shall be deemed to have your consent to call the cell phone number it has on file for you by using an automatic telephone dialing system or artificial or prerecorded voice calls.

**What are my options regarding the proposed settlement?** You can do nothing, submit a Claim Form, submit a Request Form, comment on or object to any of the settlement terms, or exclude yourself from the settlement. If you do nothing or submit a Claim Form, you won't be able to sue Nationstar in a future lawsuit about the claims addressed in the settlement. If you exclude yourself, you won't get a payment but you'll keep your right to sue Nationstar on the issues the settlement concerns. You must contact the settlement administrator by mail to exclude yourself. You can also object to or comment upon the settlement if you disagree with or want to share opinions of any of its terms. *Requests for Exclusion, Objections and Comments must be received by [exclusion/objection deadline].*

**Do I have a lawyer?** Yes. The Court has appointed lawyers from the law firms Edelson PC and Paradis Law Group, PLLC as "Class Counsel." They represent you and other Settlement Class Members. The lawyers will request to be paid from the Settlement Fund. You can hire your own lawyer, but you'll need to pay your own legal fees. The Court has also chosen Heather Wright, Carole Stewart, Jeanette Childress, Robert Jordan, Sean Halbert, Dana Skelton, Vanessa Ruggles, and Rose Somers to represent the Class.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on [date] at [time] at the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St , Chicago, IL 60604, Courtroom 2103. The Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses (up to 34.1% of the Settlement Fund) and an incentive award. Additional information will be posted on the settlement website.

*Visit [www.settlement website.com] for complete information.*

# Exhibit C

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

*Wright, et al. v. Nationstar Mortgage LLC*, Case No. 14-cv-10457

# If you received a call from Nationstar on your cell phone regarding a mortgage loan, a class action settlement may affect your rights.

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against Nationstar Mortgage LLC ("Defendant" or "Nationstar"). The suit concerns whether Nationstar violated a federal law called the Telephone Consumer Protection Act by making autodialed, artificial or prerecorded voice calls to the cellular telephones of consumers relating to a mortgage loan. Nationstar denies any wrongdoing, denies that it violated any law, and maintains that its calls regarding mortgage loans provided information that its customers agreed to receive, and that the calls were made with their consent. The Settlement does not establish who is correct, but rather, is a compromise to end the lawsuit.

- You are included in the Settlement if Nationstar had your cellular telephone number in its records as of [preliminary approval date]. You may be entitled to a cash payment if you complete and return a Claim Form, and you have the option of requesting that Nationstar no longer place calls to your cellular telephone number(s) (which you may do by submitting a Request Form online or by notifying the settlement administrator by telephone).

- Those who submit valid claims will be eligible to receive an equal share of a $12.1 million settlement fund that Nationstar has agreed to establish. Each individual who submits a valid claim will receive a portion of this fund, after all notice and administration costs, the incentive award, and attorneys' fees have been paid. Nationstar has also agreed to implement procedures to reasonably ensure that class members' requests to stop automated, artificial or prerecorded calls to their cellular telephone numbers will be honored in the future.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a settlement payment. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Defendant about the issues in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | |

| | Ask to speak in Court about the fairness of the Settlement. |
|---|---|
| **REQUEST TO STOP AUTOMATED, ARTIFICIAL AND PRERECORDED CALLS TO YOUR CELL PHONE NUMBER(S) ("REQUEST FORM")** | If you submit the Request Form or call the settlement administrator at [toll free number] to ask for such relief, Nationstar will stop making automated, artificial and prerecorded voice calls to the cell phone number(s) that you identify in the Request Form, but may continue to make calls through other methods as permitted by law. |
| **DO NOTHING** | You will receive no payment under the Settlement and give up your rights to sue Nationstar about the issues in this case. Also, you will not stop Nationstar or entities acting on its behalf from making automated, artificial or prerecorded calls to your cell phone. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. The settlement approval process takes time. Please be patient.

## BASIC INFORMATION

### 1. What is this notice and why should I read it?

A Court authorized this notice to let you know about a proposed Settlement with the Defendant. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Edmond E. Chang of the U.S. District Court for the Northern District of Illinois is overseeing this class action. The case is called *Wright, et al. v. Nationstar Mortgage LLC*, No. 14-cv-10457. The people who filed the lawsuit, Heather Wright, Carole Stewart, Jeanette Childress, Robert Jordan, Sean Halbert, Dana Skelton, Vanessa Ruggles, and Rose Somers, are the plaintiffs. The company they sued, Nationstar, is the defendant. You need not live in Illinois to get a payment under the Settlement.

### 2. What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Wright, Stewart, Childress, Jordan, Halbert, Skelton, Ruggles, and Somers—sue on behalf of a group of people who have similar claims. Together, this group is called a "Class" and consists of "Class Members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and recognized it as a case that should be treated as a class action for settlement purposes.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The lawsuit alleges that Nationstar placed autodialed and prerecorded calls to consumers' cellular telephones without their consent. The lawsuit alleges Nationstar violated a federal law called the Telephone Consumer Protection Act because consumers did not agree to receive these calls.

Nationstar denies these allegations, denies that it violated any law, and contends that it acted with consumers' consent. No court has decided who is right. The parties are entering into the Settlement to avoid time-consuming and expensive litigation. The Settlement is not an admission of wrongdoing by Nationstar. More information about the complaint in the lawsuit and the Defendant's answer can be found in the "Court Documents" section of the settlement website at www.[settlementwebsite].com.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they can avoid the uncertainty and expense of ongoing litigation, and Class Members will get compensation now rather than years later—if ever. The Class Representatives and their attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Class Members.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that this Settlement includes a Class of "all individuals in the United States for whom Nationstar had in its records a cellular telephone number, as of [preliminary approval date]."

If you meet the above definition, you are a Class Member. Most Class Members will receive a postcard summary of this notice in the mail.

### 6. What were the allegedly unconsented calls about?

The calls covered by this Settlement were autodialed, artificial and/or prerecorded calls placed by or on behalf of Nationstar regarding a mortgage loan.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

**Cash Payments to Class Members:** Defendant has agreed to create a $12.1 million Settlement Fund, from which Class Members who submit valid claims will receive equal cash payments. To get a payment, Class Members must submit a valid claim before the deadline of [claims deadline]. The amount Class Members will receive will depend on the total number of valid claims received. The lower the number of valid claims submitted, the higher the amount of individual payments will be. As the number of valid claims submitted goes up, the amount of individual payments will go down.

All uncashed checks issued to Class Members and any unclaimed money in the Settlement Fund will be equally redistributed to the other claiming Class Members if practical, or otherwise as directed by the Court.

**Change in Nationstar's Practices:** As part of the Settlement, Nationstar has also agreed to implement procedures to ensure that (i) Settlement Class Members will not receive automated, artificial or prerecorded calls on their cell phones if they affirmatively submit a valid and timely Request Form or timely inform the settlement administrator by telephone of such request, and (ii) after the effective date of this settlement, Nationstar will effectuate any requests to stop automated, artificial or prerecorded calls in a reasonable and effective manner, including properly coding such requests and training employees about these policies and procedures.

## HOW TO GET BENEFITS

### 8. How do I make a claim?

If you want to get settlement benefits, you must fill out and submit a valid Claim Form. An online Claim Form is available on this website and can be filled out and submitted online. If you received a postcard in the mail about the Settlement, the postcard includes a paper Claim Form that you can complete and mail back to the settlement administrator at the address printed on the Claim Form. You can also get a paper Claim Form by calling [toll free number]. We encourage you to submit a Claim Form online.

The Claim Form requires you to provide the following information: (1) your name and address, (2) your cellular telephone number(s), and (3) a sworn statement that you subscribed to or were a primary user of the cellular telephone number(s) you identified and that you received one or more automated, artificial or prerecorded voice calls from Nationstar at those numbers without your prior express consent.

You will also have the option of requesting that Nationstar no longer call your cellular telephone number(s) using automated, artificial and prerecorded voice calls, which you can submit online or by mail on the separate Request Form available on the settlement website, or you can call the settlement administrator at [toll free number] to make such a request.

### 9. When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the Settlement, eligible Class Members whose claims were approved by the Settlement Administrator will be sent a check. Please be patient. All checks will expire and become void 90 days after they are issued.

## THE LAWYERS REPRESENTING YOU

### 10. Do I have a lawyer in this case?

Yes, the Court has appointed lawyers Rafey S. Balabanian of Edelson PC and Paul O. Paradis of Paradis Law Group PLLC as the attorneys to represent you and other Class Members. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiffs Heather Wright, Carole Stewart, Jeanette Childress, Robert Jordan, Sean Halbert, Dana Skelton, Vanessa Ruggles, and Rose Somers to serve as the Class Representatives. They are Class Members like you. Class Counsel can be reached by calling [1-866-354-3015].

### 11. Should I get my own lawyer?

You don't need to hire your own lawyer because Class Counsel is working on your behalf. But if you want your own lawyer, you will have to pay that lawyer. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

### 12. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses of up to 34.1% of the Settlement Fund and will also request an award of $5,000 for each of the Class Representatives. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representatives. The Court may award less than the amounts requested. Any money not awarded will stay in the Settlement Fund to pay Class Members.

## YOUR RIGHTS AND OPTIONS

### 13. What happens if I do nothing at all?

If you do nothing, you will receive no payment under the Settlement, you will be in the Class, and if the Court approves the Settlement, you will be bound by all orders and judgments of the Court. Also, you will not stop Nationstar or entities acting on its behalf from making automated or artificial or prerecorded voice calls to your cell phone. Unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against Nationstar for the claims or legal issues being resolved by this Settlement.

### 14. What happens if I ask to be excluded?

If you exclude yourself from the Settlement, you will receive no payment under the Settlement. However, you will not be in the Class. You will keep your right to start your own lawsuit against Defendant for the same legal claims made in this lawsuit. You will not be legally bound by the Court's orders or any judgment related to the Class and the Defendant in this class action.

### 15. How do I ask to be excluded?

You can ask to be excluded from the Settlement. To do so, you must send a letter stating that you want to be excluded from the Settlement in *Wright, et al. v. Nationstar Mortgage LLC*, Case No. 14-cv-10457. Your letter must also include your (1) name and address, (2) the cellular telephone number(s) at which you received calls from Nationstar, (3) a statement that you wish to be excluded from the Class, and (4) your signature. You must mail your exclusion request no later than **[objection / exclusion deadline]** to:

*Wright et al. v. Nationstar Mortgage LLC.* Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

You can't exclude yourself on the phone or by email.

### 16. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

### 17. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

### 18. How do I object to or comment upon the Settlement?

If you do not exclude yourself from the Class, you can object to or comment upon the Settlement if you don't like any part of it or want to voice your opinions about it. You can give reasons why you think the Court should deny approval by filing an objection. To do so, you must file a letter or brief with the Court stating that you wish to object to or comment upon the Settlement in *Wright, et al. v. Nationstar Mortgage LLC*, Case No. 14-cv-10457 no later than **[objection / exclusion deadline]**. Your objection or comment should be sent to the United States District Court for the Northern District of Illinois at the following address:

Clerk of Court
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

If you are represented by a lawyer, the lawyer must file your objection or comment through the Court's CM/ECF system. Include your lawyer's contact information in the objection or comment.

If you submit an objection, it must be in writing and include the case name *Wright, et al. v. Nationstar Mortgage LLC*, Case No. 14-cv-10457. Your objection must be personally signed and include the following information: (1) your name and address, (2) all arguments, citations, and evidence supporting your objection, including copies of any documents you rely on, (3) a statement that you are a Class Member, and (4) the cellular telephone number(s) at which you received calls from Nationstar. If you wish to appear and be heard at the hearing on the fairness of the Settlement, you or your attorney must say so in your written objection.

In addition to filing your objection (or comment) with the Court, you must send copies of your objection (or comment) and any supporting documents to both Class Counsel and the Defendant's lawyers at the addresses listed below:

| Class Counsel | Defense Counsel |
|---|---|
| Rafey S. Balabanian | Abraham J. Colman |
| EDELSON PC | Raymond Y. Kim |
| 350 North LaSalle Street | REED SMITH LLP |
| Suite 1300 | 355 South Grand Ave. |
| Chicago, IL 60654 | Suite 2900 |
| | Los Angeles, CA 90071 |

Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees and incentive award on **[date 2 weeks prior to objection deadline]**.

### 19. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you

don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 20. When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the final fairness hearing at [time] on [date], before the Honorable Edmond E. Chang at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 in Courtroom 2119. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, and adequate, and in the best interests of the Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representatives.

**Note:** The date and time of the fairness hearing are subject to change by Court Order. Any changes will be posted at the settlement website, www.[settlementwebsite].com, or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ilnd.uscourts.gov.

### 21. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also have your own lawyer attend, but you don't have to. If you do hire your own lawyer to represent you, you will have to do so at your own expense.

### 22. May I speak at the hearing?

Yes. If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection (*see* Question 18 above) and intend to appear at the hearing, you must state your intention to do so in your objection.

## GETTING MORE INFORMATION

### 23. Where can I get additional information?

This notice summarizes the proposed Settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at www.[settlementwebsite].com, contact Class Counsel at [1-866-354-3015], access the Court docket in this case through the Court's PACER system at https://ecf.ilnd.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR NATIONSTAR MORTGAGE LLC WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

QUESTIONS? CALL 1-[###-###-###] TOLL FREE OR VISIT WWW.[SETTLEMENTWEBSITE].COM

- 7 -

# Exhibit D

***Wright et al. v. Nationstar Mortgage LLC***
**United States District Court, Northern District of Illinois, Case No. 1:14-cv-10457**

# Voluntary Request to Stop Automated and Artificial/Prerecorded Voice Calls
## (For Current and Past Nationstar Customers Only)

**[Insert class administrator info here]**

**If you submit this form, you will stop Nationstar from calling your cell phone by using an automatic telephone dialing system or artificial/prerecorded voice calls. This form is independent of the Claim Form you need to submit to receive a payment from the settlement. You are not obligated to submit this form to partake in the settlement.**

**Please fill out this Request Form ONLY if you <u>currently have or previously had</u> some mortgage, lending, or other relationship with Nationstar Mortgage LLC ('Nationstar')**. If you have not had any such relationship with Nationstar, please fill out the separate form for non-customers. **Please do not complete both forms**. Only one applies to you. To be valid, you MUST completely fill out all of the information requested below.

☐ By checking this box and providing my current cellular telephone number and my account number(s) (if available), Nationstar cannot contact me on my current cellular telephone number by an automatic telephone dialing system and/or an artificial or prerecorded voice. Calls to your cell phone by other methods may continue to be made. *I understand that I can partake in the settlement regardless of whether or not I submit this form.*

| My current cellular telephone number(s) is: | My Nationstar account number is: |
|---|---|
| | |

The failure to provide an account number does not invalidate this Request Form; however, you are asked to provide an account number, if available, to ensure accuracy.

If I do not allow Nationstar to contact me on my current cellular telephone number, I understand that I must provide my current non-cellular telephone number, if one exists.

My current non-cellular telephone number is: [                    ]

I understand that Nationstar, or third parties on Nationstar's behalf, may call me, or continue to call me, concerning my loan account(s) by an automatic telephone dialing system and/or an artificial or prerecorded voice message at any telephone number in their records, including my current cellular telephone number, if I do not: (1) check the box above; (2) enter my current cellular telephone number; (3) enter my current non-cellular telephone number, if one exists, and (4) submit this entire, completed form pursuant to the instructions below and within the deadline set forth herein. I understand that this Request Form relates only to the limitations of the Telephone Consumer Protection Act ('TCPA') and does not change my rights under other federal or state statutes. I also understand that this Request Form does not eliminate any right under the TCPA that I may have to revoke consent to calls in the future.

Signature: _____     Date: ____ - ____ - ____
                                                                                    (MM-DD-YY)
Printed Name: _____

### DEADLINE TO SUBMIT THIS REQUEST FORM

If you are submitting your Request Form online via the Settlement Website, it must be submitted no later than [claims deadline], 2015. If you are mailing your Request Form to the Settlement Administrator, it must be postmarked by that date. You can also call the Settlement Administrator by that same date at [toll free number] to make an oral request to

stop Nationstar from calling your cell phone using an automatic telephone dialing system or artificial/prerecorded voice calls.

# Exhibit E

*Wright et al. v. Nationstar Mortgage LLC*
**United States District Court, Northern District of Illinois, Case No. 1:14-cv-10457**

# Voluntary Request to Stop Automated and Artificial/Prerecorded Voice Calls
## (For Non-Customers of Nationstar)

**[Insert class administrator info here]**

**If you submit this form, you will stop Nationstar from calling your cell phone by using an automatic telephone dialing system or by leaving artificial/prerecorded voice calls. This form is independent of the Claim Form you need to submit to partake in the settlement. You are not obligated to submit this form to partake in the settlement.**

**Please fill out this side of the Request Form ONLY if you <u>do not have and have not had</u> some mortgage, lending, or other relationship with Nationstar Mortgage LLC ('Nationstar')**. If you have had any such relationship with Nationstar, please fill out the separate form for current and former customers of Nationstar. **Please do not complete <u>both forms</u>**. Only one applies to you. To be valid, you MUST completely fill out all of the information requested below.

☐    By checking this box and providing my current cellular telephone number, Nationstar cannot contact me on my current cellular telephone number by an automatic telephone dialing system and/or an artificial or prerecorded voice. Calls to your cell phone by other methods may continue to be made. *I understand that I can partake in the settlement regardless of whether or not I submit this form.*

My current cellular telephone number is:    | | | | | | | | | | |

I understand that this Request Form relates only to the limitations of the Telephone Consumer Protection Act ('TCPA') and does not change my rights under other federal or state statutes. I also understand that this Request Form does not eliminate any right under the TCPA that I may have to revoke consent to calls in the future.

Signature: _____    Date: ____ - ____ - ____
                                                                                      (MM-DD-YY)
Printed Name: _____

### DEADLINE TO SUBMIT REQUEST FORM

If you are submitting this Request Form online via the Settlement Website, it must be submitted no later than [claims deadline], 2015. If you are mailing your Request Form to the Settlement Administrator, it must be postmarked by that date. You can also call the Settlement Administrator by that same date at [toll free number] to make an oral request to stop Nationstar from calling your cell phone using an automatic telephone dialing system or artificial/prerecorded voice calls.

# EXHIBIT B

**FI RE License**

## Licensee Details

### Licensee Information

Name: **BECKER, CODY MAX** (Primary Name)

Main Address: **9363 STEUBENVILLE AVE**
**ENGLEWOOD  Florida  34224**

County: **CHARLOTTE**

License Mailing:

LicenseLocation:

### License Information

License Type: **Real Estate Broker or Sales**

Rank: **Broker Sales**

License Number: **BK3273925**

Status: **Current,Active**

Licensure Date: **05/10/2013**

Expires: **03/31/2019**

**Special Qualifications**     **Qualification Effective**

**Alternate Names**

**View Related License Information**

**View License Complaint**

**2601 Blair Stone Road, Tallahassee FL 32399** :: Email: **Customer Contact Center** :: Customer Contact Center: 850.487.1395

The State of Florida is an AA/EEO employer. **Copyright 2007-2010 State of Florida.** **Privacy Statement**

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public-records request, do not send electronic mail to this entity. Instead, contact the office by phone or by traditional mail. If you have any questions, please contact 850.487.1395. *Pursuant to Section 455.275(1), Florida Statutes, effective October 1, 2012, licensees licensed under Chapter 455, F.S. must provide the Department with an email address if they have one. The emails provided may be used for official communication with the licensee. However email addresses are public record. If you do not wish to supply a personal address, please provide the Department with an email address which can be made available to the public.

# EXHIBIT C

**Zillow Ad**

CONTACT AGENT    ♡ SAVE    ✉ SHARE    MORE ▾      ⬈ EXPAND    ✕ CLOSE

**Public View**    Owner View      Florida · Englewood · 34223 · 2285 Alamander Ave



1 of 27

Street View

# 2285 Alamander Ave Englewood, FL 34223

3 beds · 2 baths · 2,329 sqft

Beach lovers and water

**FOR SALE**
## $464,987

Price cut:
-$15,000
(12/17)

Zestimate®:
$458,615

**EST. PAYMENT**
## Est. Payment: $2,442/mo

🖩 ▾

💲 Get pre-quali...

💲 Get pre-qualifie...

### CONTACT AGENT

👤 Your Name

📞 Phone

✉ Email

I am interested in 2285 Alamander Ave, ENGLEWOOD, FL 34223.

Contact Agent

☐ I want financing information

By pressing Contact Agent, you agree that Zillow Group and real estate professionals may call/text you about your inquiry, which may involve use of automated means and prerecorded/artificial voices. You don't need to consent as a condition of buying any property, goods or services. Message/data rates may apply. You also agree to our Terms of Use. Zillow does not endorse any real estate professionals.




**Cody Becker**
(941) 735-6305

LISTING AGENT

# EXHIBIT D

**Realtor.com**



### Contact Info ✕

**Cody Becker**
,

📞 Office: (941) 735-6305
📞 Mobile: (941) 735-6305

Close

- Mortgage
- Find Realtors®
- My Home
- News & Insights
- Mobile Apps
- Advertise

‹ Return to search results



Cody Becker ,

👍 Recommend Me     ↪ Share

## About Cody Becker with Gold Mine Real Estate Llc

Agents: Edit this profile ✏

Cody Becker hasn't provided a bio yet. Ask a Question

# EXHIBIT E

**Trulia**

Buy    Rent    Mortgage    More    For Professionals ⌄       Saved Homes    Saved Searches    [Sign In]

## Cody Becker

★★★★★ (2)

**(941) 735-6305**   Agent with Florida Shores Real Estate, P.A.

**Specialties:** Property Management, Buyer's Agent, Listing Agent...

⬆ **Share Profile**

| Overview | Reviews (2) | Properties (18) | Activity (1) |
|---|---|---|---|

## About Cody Becker

**Cody Becker's Clients**

- 55% Buyers
- 45% Sellers

**Cody Becker's Properties**

- 67% Single-Family Homes
- 22% Apartments/Condos/Townhomes
- 6% Multi-Family
- 6% Lot/Land

**Cody Becker's Sale Prices**

$37K ———— **$146K** ———— $390K

Min        **Average**        Max



**Cody Becker's Websites**

Website

Blog

**Cody Becker's Experience & Skills**

★   **Specialties**

Property Management, Buyer's Agent, Listing Agent, Relocation, Landlord

## Reviews Summary

Overall on Trulia ★★★★★ (2)

**Review Distribution**

**100%** Positive Reviews

0% Neutral Reviews

**0%** Critical Reviews

See All Reviews »

## Skill Ratings

| | |
|---|---|
| Overall Rating | ★★★★★ |
| Local Knowledge | ★★★★★ |
| Process Expertise | ★★★★★ |
| Responsiveness | ★★★★★ |
| Negotiation Skills | ★★★★★ |

**Most Recent Review**

★★★★★

**Cody Becker reviewed Cody Becker**  |  11/16/2017  |  Helped me sell a home

Cody is an expert digging for deals! I can't believe he found me an auction property and won the auction at such a low price!! His knowledge of lending and construction made everything so smooth for me. I felt comfortable with my buy from start to finish.

## Cody Becker's Properties (18)

Filter: All Properties  ▼          Sort: Most Recent First  ▼



### 9522 Ace Rd Apt B, Englewood FL                                    $165,000
3bd, 2 ba
**SOLD**   Sold: 04/15/2016   Represented: Seller



### 140 W COWLES ST , ENGLEWOOD FL                                    $130,000
2bd, 2 ba
**SOLD**   Sold: 03/30/2016   Represented: Seller



### 621 STURGEON PL , PUNTA GORDA FL                                    $152,500
2bd, 2 ba
**SOLD**   Sold: 07/01/2015   Represented: Seller



### 511 Kensington St , Port Charlotte FL                              $170,000
3bd, 2 ba
**SOLD**   Sold: 03/16/2015   Represented: Seller



### 9439 Acco Ave Apt B, Englewood FL                                  $106,000
4 bd
**SOLD**   Sold: 03/01/2015   Represented: Buyer



### 9355 STEUBENVILLE AVE , ENGLEWOOD FL                               $210,000
3bd, 2 ba
**SOLD**   Sold: 02/18/2015   Represented: Both



### 392 W WENTWORTH ST , ENGLEWOOD FL                                  $88,000
2bd, 1 ba
**SOLD**   Sold: 01/04/2015   Represented: Both



### 190 AUSTER RD , VENICE FL                                          $141,500
2bd, 2 ba
**SOLD**   Sold: 12/28/2014   Represented: Buyer



### 67 TEE VIEW RD , ROTONDA WEST FL                                   $299,000
5bd, 3 ba
**SOLD**   Sold: 10/09/2014   Represented: Seller



### 392 W WENTWORTH ST , ENGLEWOOD FL                                  $49,500
2bd, 1 ba
**SOLD**   Sold: 10/04/2014   Represented: Buyer

**Load More Listings**

Contact Cody Becker

John Smith

johnsmith@example.com

(415) 555-1234

Hi Cody Becker. I saw your profile on Trulia and wanted to see if you could help me.

Send Message

## Service Areas

Boca Grande, FL

Englewood, CO

Englewood, FL

Hobe Sound, FL

Islamorada, FL

Jensen Beach, FL

Jupiter Island, FL

Jupiter, FL

Key Largo, FL

Longboat Key, FL

Show More

**Explore Trulia**   Homes for Sale   Rentals   Houses for Rent   Apartments for Rent   Stats & Trends   Real Estate Advice   Real Estate App - iPhone
  Real Estate App - Android   Trulia API   Trulia Estimates

**For Professionals**   Agents   Brokers   Advertisers & Partners   Tools & Extras   Submit Your Listings   Directory Site Map

**Corporate**   About Trulia   About Zillow Group   News Room   Trulia Blog   Tech Blog   Careers   Investor Relations   Privacy   Terms of Use
  Listings Quality Policy   Subscription Terms   Community Guidelines   Advertising Terms   Ad Choices

Not the right Cody Becker?   Glo Reetz   Donny Anderson   Ken Hollerud   Maria Solberg   Krystal Strong   Bruce Linnemeyer
Find related Florida Shores Real Estate, P.A. Agents   Jeffrey Wilkinson, P.A.   Tenisha Williams   Barbara Jenness   Sandi Blackmer, P.A.   Debbie "Action" Jackson-Majko P.A.
Find related Englewood Agents   Jeremy Jones   Rebekah McCracken PA and Lon McCracken   Anne Aderman   Martina Hornjak   Leslie Brown
Copyright © 2019 Trulia, Inc. All rights reserved.       Fair Housing and Equal Opportunity   Have a question? Visit our Help Center to find the answer

# EXHIBIT F

**Gayborhood**



About (/b/27415/cody-m-becker-realtor-florida-shores-real-estate-pa)

Photo Gallery (/b/27415/cody-m-becker-realtor-florida-shores-real-estate-pa/gallery)

## About CODY M. BECKER, REALTOR- FLORIDA SHORES REAL ESTATE, P.A.

Categories: Real Estate, Custom Brokers

Phone Number: (941) 735-6305

About: Bring the best real estate to you!

Message This Business





(https://maps.google.com/maps?ll=27.3351,-82.542841&z=17&t=m&hl=en-US&gl=US&mapclient=apiv3)

, Sarasota, Florida

Get Directions (https://www.google.com/maps/dir/Current+Location/27.3351,-82.542841)

---

# Comments (1)

**Sort by Date**

---

Write a comment...

---



### Cody Becker (/profile/a9ecaf50-9744-11e6-887b-0d3316774e99/cody-becker)

January 09, 2017

So knowledgable and cutting edge!

0 Useful           0 Useless

---

**Write a comment**

**Share**

**Report Business**

---

## Featured Businesses Nearby

**View All (/businesses)**

---

Custom Brokers

Latin American



(/b/27415/cody-m-becker-realtor-florida-
shores-real-estate-pa)

CODY M. BECKER, REALTOR- FLORIDA
SHORES REAL ESTATE, P.A. (/b/27415/cody-
m-becker-realtor-florida-shores-real-estate-
pa)

Comments (1)



(/b/28100/selva-grill)

Selva Grill (/b/28100/selva-grill)



(/b/25067/mozaic-restaurant)

MoZaic Restaurant (/b/25067/mozaic-
restaurant)

Home (/)

FAQ (/faq)

Sitemap (/site-map)

Contact Us (/contact-us)

Businesses (/businesses)

Login for business owners
(http://biz.gayborhood.com)

Find a GYCP book (/category/1096/GCYP)

Refer a Business (/business-refer)

Privacy Policy (/privacy-policy)

(https://www.instagram.com/gbhapp/)

(https://www.facebook.com/GBHApp)

(https://twitter.com/GBHApp)

© 2018 Gayborhood. All Rights Reserved

# EXHIBIT G

**Buzzfile**

Cody Becker - Englewood, FL - (941) 735-6305 - Company Profile

| Home | My Favorites | Lists | Employers by Major | Employ Veterans | Locations | Blogs |
|------|-------------|-------|--------------------|-----------------|-----------|-------|

# Cody Becker

   

Action ▾

## Contact Information

**Cody Becker**
403 W Dearborn St
Englewood, FL 34223

| | |
|---|---|
| Contact: | Cody Becker |
| Title: | Owner |
| Phone: | (941) 735-6305 |
| Website: | |

There are **2** Companies located at 403 W Dearborn St, Englewood, FL 34223

## Map

## Business Description

Cody Becker is located in Englewood, Florida. This organization primarily operates in the Real Estate Agents and Managers business / industry within the Real Estate sector. This organization has been operating for approximately a year. Cody Becker is estimated to generate $68,304 in annual revenues, and employs approximately 2 people at this single location.

| | |
|---|---|
| Sector: | Real Estate |
| Category: | Real Estate Agents and Managers |
| Industry: | Real Estate Agents and Managers |
| SIC Code: | 6531 |

| | |
|---|---|
| Name: | Cody Becker |
| Year Founded: | **2017** |

Engaged In:
☐ **Manufacturing**
☐ **Importing**
☐ **Exporting**

| | |
|---|---|
| Location Type: | Single |
| Revenue: | $ 68,304 |
| Employees Here: | 2 |
| Facility Size: | N/A |

*\* Revenue & Employees are estimates*

## Demographics for Zipcode 34223

Percentage    Population



Cody Becker in Englewood, FL - (941) 735-6305 - Company Profile



98.1 %   White
2.6 %   Hispanic
0.7 %   Black
1.0 %   Asian
0.6 %   Native American
0.1 %   Hawaiian
0.7 %   Other

**About Us      Partnerships      Terms of Use      Priv      Contact Us**

Copyright © 2018 Buzzfile Media LLC. All Rights Reserved.

45 Broadway, Ste 1420, New York, NY 10006

| Population | Median Age |
|---|---|
| **16,875** | **63.1** |

View larger map     Directions

| Female | Male | | Female | Male |
|---|---|---|---|---|
| 52.4% | 47.6% | | 63.4 | 62.8 |
| 8,846 | 8,029 | | | |

## Questions & Answers

**Q**  **Are there other companies located at 403 W Dearborn St, Englewood, FL?**
**A**  There are **2 commercial tenants** at 403 W Dearborn St, Englewood, FL.

**Q**  **How big is Cody Becker?**
**A**  Cody Becker is estimated to generate **$68,304** in annual revenues, employs approximately **2** people at this location

**Q** **What are the annual sales for Cody Becker?**
**A** Cody Becker generates approximately **$68,304** in annual sales.

**Q** **How many people work at Cody Becker?**
**A** Cody Becker has approximately **2 employees** at this location.

**Q** **What is the phone number for Cody Becker?**
**A** The phone number for Cody Becker is **(941) 735-6305**

**Q** **Is there a key contact at Cody Becker?**
**A** **Cody Becker** is the **Owner** at Cody Becker. You can contact Cody at **(941) 735-6305**.

**Q** **Where is Cody Becker located?**
**A** Cody Becker is located at **403 W Dearborn St, Englewood, FL 34223.** This location is in Sarasota County and the North Port-Sarasota-Bradenton, FL Metropolitan Area.

**Q** **How long has Cody Becker been in business?**
**A** Cody Becker has been in business for approximately **a year**.

Less ▲

## Similar Companies Nearby
### (Industry participants & competitors)

| Name | Empl. | Dist. (mil) |
|---|---|---|
| Larry Oathout | 2 | 1.0 |
| Carla Stiver | 3 | 1.7 |
| Emrtus Riv Oaks | 2 | 1.8 |
| Pinnacle Orthotics, LLC | 5 | 2.5 |
| Gary E Smith Enterprises Inc | 2 | 2.5 |
| Sylvia Jenkins | 2 | 2.6 |
| Keller Williams | 2 | 2.7 |
| One Naples Place LLC | 2 | 2.9 |
| Platinum Bay Realty, LLC | 3 | 3.6 |
| Surfside Realty Inc | 7 | 3.9 |

## Statistics for Zipcode 34223
Average House Value

$ 181,500

$ 41,868

$ 41,862

Average Household Income
Number of Households          8,798
Persons per Household          1.92


**Number of Businesses**          1,642
**Number of Employees**          3,780
**Land Area (square miles)**          28.546
**Water Area (square miles)**          9.817

# EXHIBIT H

**Floridarealestatecompanies.com**

# CODY BECKER , 9363 STEUBENVILLE AVE, ENGLEWOOD FL 34224

CODY BECKER IS A LICENSED REAL ESTATE BROKER SALES LICENSED ON 5/10/2013 LOCATED AT 9363 STEUBENVILLE AVE, ENGLEWOOD FL 34224 IN CHARLOTTE COUNTY, FLORIDA.

## Do I Really Need a Realtor?

Zillow, Trulia, Realtor.com — with so much information on the internet, do you really need a Realtor?

The answer is. In this era of all-cash buys, where many listings bring multiple bids, having a local expert with the resources of a professional organization makes it easier for a buyer to know a good deal when she sees it — and to act quickly. With access to the Multiple Listings Service, Realtors can set alerts for homes that meet specific requirements, so their buyers get a jump on slower shoppers. And in Florida, anyone calling himself a Realtor must be licensed and complete continuing education classes, meaning they should be up-to-date on regulatory matters.

Besides, who wants to hunt down tax and insurance information and negotiate a legal deal without good advice?

Bottom line: Buying a home is one of life's biggest purchases — and one of the most complex.

Experience counts. Like the economy itself, real estate runs in cycles. A Realtor who has been through at least one round of rising prices followed by a downturn will add perspective.



NAME
    CODY BECKER

ADDRESS
    9363 STEUBENVILLE AVE, ENGLEWOOD FL 34224

CORPORATION

DBA

CONTACT

TYPE OF LICENSE
    REAL ESTATE BROKER SALES

PHONE
    9417356305

EMAIL
    CODYMAXBECKER@GMAIL.COM



Back to list

vimeo    Psst. Your video has a secret.    Get smart

## Experience Counts!

Most new agents are novice newbies, and they think they can make a quick hit and not have to punch a clock every day. Be very careful when dealing with new Realtors. It's always best to find a seasoned Realtor who is familiar with the market you are purchasing in.

To work effectively with a Realtor, it helps to have some understanding of how brokerage works in Florida. Associates must take a course and pass a test before getting a state license and must work with a a broker, who holds a more advanced license. Along with having a state license, a Realtor is a member of a professional organization with an ethics code that mandates that they disclose all offers and certain relevant information and "act honestly and fairly" to both parties.

In most cases, the seller pays the brokers' commission — typically 6 percent — which may be split between the listing broker, selling broker and the companies they work for. In some cases, the total is only 5 percent. And with some new Miami condo developments for example, the commision is as high as 10 percent, say experts. That can sway a broker's choice of properties they show to perspective buyers.

You need to recognize that the Realtor...works for the deal! Experts advise that you should ask the broker what percentage a completed deal pays, and how it is divided between the listing and selling parties.

## A Good Realtor Has Good Listening Skills

Let's bust another TV myth: The most aggressive broker may not be your best representative.

You may say you want a bulldog, and that may be good with choosing an attorney, but a softer touch is recommended with a Realtor.

There are some very argumentative people that just don't realize that that alienate other Realtors. Other Realtors are important—the listing agent will decide if he or she has time to show you a home, for instance.

Patience and an ability to listen are key qualities for a good Realtor.

COPY BECKER 9362 STEUBEN VILLAGE ENGLEWOOD 2/24/2019

You want a Realtor with long-standing knowledge of the relevant market, who knows where his or her expertise begins and ends. Ask how long they've been selling in the specific neighborhood and how often they attend broker previews of upcoming listings.

A good way to test an agent's acumen is to ask about comparable sales in the neighborhood or price-point. Comps are good but not perfect. A good agent will be able to sort out the outliers and can help fill in the picture when there aren't enough comps, such as in an emerging neighborhood. The comps from the MLS [Multiple Listings Service] are even better than the tax roll. But you want the Realtor to explain why they are using the comps they are.

A good Realtor should also be able to provide estimates for taxes, hurricane insurance and other ongoing expenses related to any property you consider.

In general, overconfidence and having all the answers is a red flag. You don't want someone who wants to be your insurance appraiser, your accountant, your lawyer, your mortgage broker and your interior designer. If they are offering every service, personally, I would be skeptical.

## Neighborhood Expertise

One resource a Realtor should have ready is up-to-date information on the relevant school district. Because districts' dividing lines can shift and some schools have lotteries for attendance, it's important not to rely on looking up the nearest school on the Internet. Sometimes there's a school across the street, but you aren't zoned for it.

A Realtor who specializes in a specific neighborhood may also be aware of properties soon to hit the market along with local resources like specialty shops and repair people.

And once you're set up in your new home? Your Realtor should also be able to get you an intro to the local tennis club. Then you'll know you've chosen well!

  $1,331 saved per loan processed?

© 2016 www.FloridaRealEstateCompanies.com. All Rights Reserved.

Home. (index.html)Disclaimer. (disclaimer.html) Opt Out (opt-out.html) Privacy Policy. (privacy-policy.html) Terms of Use. (terms-and-conditions.html) About Us. (about.html)Contact Us. (contact.html)

# EXHIBIT I

**List of Lawsuits**



# Party Search Results

**Search Criteria:** Party Search; Last Name: becker; First Name: cody; Party Roles:
[PLA]
**Result Count:** 8 (1 page)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| Becker, Cody (pla) | 0:2018cv60688 | Becker v. HBN Media, Inc. | Florida Southern District Court | 03/30/2018 | 07/02/2018 |
| Becker, Cody (pla) | 0:2018cv60706 | Becker v. Agent Zip, Inc. | Florida Southern District Court | 04/03/2018 | 07/02/2018 |
| Becker, Cody (pla) | 0:2018cv61656 | Becker v. Buyer Hero, LLC | Florida Southern District Court | 07/19/2018 | 09/14/2018 |
| Becker, Cody (pla) | 0:2018cv61695 | Becker v. Broadleaf Marketing & SEO, LLC | Florida Southern District Court | 07/23/2018 | 08/16/2018 |
| Becker, Cody (pla) | 0:2018cv61697 | Becker v. Beggins Enterprises, Inc. | Florida Southern District Court | 07/24/2018 | 08/17/2018 |
| Becker, Cody (pla) | 0:2018cv61931 | Becker v. Adroit Health Group, LLC | Florida Southern District Court | 08/17/2018 | |
| Becker, Cody (pla) | 0:2018cv62747 | Becker v. Nationstar Mortgage | Florida Southern District Court | 11/12/2018 | |
| Becker, Cody (pla) | 0:2019cv60369 | Becker v. United Enrollment Services LLC | Florida Southern District Court | 02/11/2019 | |

| **PACER Service Center** | | **Receipt** 02/18/2019 10:42:51 1750902545 |
|---|---|---|
| **User** | reedsmith | |
| **Client Code** | 999921/50001/007135 | |
| **Description** | All Court Types Party Search | |
| | All Courts; Name becker, cody; Role pla; All Courts; Page: 1 | |
| **Billable Pages** | 1 ($0.10) | |