UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CODY BECKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, d/b/a MR. COOPER,<br><br>Defendants. | Case No.: 0:18-cv-62747-MGC |

DECLARATION OF JOEL BREWER IN SUPPORT OF NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER'S
MOTION TO DENY CLASS CERTIFICATION

I, Joel Brewer, hereby declare as follows:

1. I am a United States citizen and over eighteen years of age. I am employed as AVP Marketing at Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper"). I have been employed by Mr. Cooper since 2015. In this role, my responsibilities include managing our Outbound Telemarketing and Inbound Marketing processes. I have personal knowledge of the facts stated in this declaration, and if called as a witness, I would testify to the same.

2. I am familiar with Mr. Cooper's procedures for marketing calls and the marketing call records concerning the telephone assigned the number ending in 6305 (the "6305 Number") that Plaintiff Cody Becker ("Plaintiff") makes the subject of his claims against Mr. Cooper because I personally manage the team responsible for marketing calls.

All of the records referred to herein were made and kept in the ordinary course of Mr. Cooper's business, and were prepared in the normal course of business at or near the time of the events to which they refer or reflect.

3.  Based on an extensive review of Mr. Cooper's records, there is no record that Mr. Cooper's marketing team placed a pre-recorded call to the 6305 Number, including on August 8, 2018. Mr. Cooper maintains a record of every inbound and outbound marketing call in its marketing call history for a period of more than 4 years. At my direction, in November and December 2018, Mr. Cooper conducted a detailed search of its marketing call history for any call to the 6305 Number placed from November 1, 2014 to the present. The extensive search included inputting the 6305 Number in the phone number search field, without applying any date restrictions. Specifically, Mr. Cooper conducted a review for a call placed on August 8, 2018 to the 6305 Number. The search revealed no record of a call placed to the 6305 Number on that date.

4.  Instead, my team discovered that on September 12, 2017, Mr. Cooper received an incoming call from the 6305 Number by a man by the name of "Cody" inquiring about a home loan. The next day, on September 13, 2017, a Mr. Cooper representative responded to Plaintiff's inquiry by personally placing a call to the 6305 Number. During the September 13, 2017 call, the representative spoke directly with Plaintiff about a potential home loan. Plaintiff stated that he was not interested because he "spoke to a gentleman yesterday at Nationstar as well as the asset manager on the property."

5. Mr. Cooper's marketing call records show that it did not dial the 6305 Number at any time other than this single call on September 13, 2017.

6. In 2018, Mr. Cooper used one other third party, TLC Associates, to place marketing calls on its behalf. Mr. Cooper's servicing agreement with TLC provides that TLC shall strictly follow all laws when placing calls on behalf of Mr. Cooper, including the Telephone Consumer Protection Act.

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed on _Feb 14, 2019_, 2019 at Coppell, Texas.

_____
Joel Brewer